UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>        vs.<br><br>ONE REAL PROPERTY LOCATED IN RIVERSIDE, CALIFORNIA,<br><br>            Defendant.<br><br>HEATHER SADIK,<br><br>            Claimant. | No. EDCV 20-2566-GW-KKx<br><br>**CONSENT JUDGMENT OF FORFEITURE** |

   Pursuant to the stipulation and request of Plaintiff United States of America ("the government") and Claimant Heather Sadik ("Claimant" or "Sadik"), the Court herby enters this Consent Judgment of Forfeiture containing the terms set forth below:

   On December 14, 2020, Plaintiff filed its Verified Complaint for Forfeiture against One Real Property Located in Riverside, California

("Defendant Property). The Defendant Property is more particularly described as follows:

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

Lot 58 of Tract No. 20312-1, in the City of Riverside, County of Riverside, State of California, as shown by Map on File in Book 165, Pages 46 to 50, inclusive of Maps, record of Riverside County, California.

APN: 252-272-008-0

Claimant filed a claim to the Defendant Property and an answer to the complaint for forfeiture on February 9, 2021 and March 1, 2021 respectively. No one besides Sadik is believed to have an interest in the Defendant Property. No other claim or answer has been filed despite the giving and publication of notice, and the time for filing a claim and answer has expired.

The Court having been duly advised of and having considered the matter, and based on the mutual consent of the parties hereto,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. This Court has jurisdiction over the subject matter of this action and the parties to this Consent Judgment of Forfeiture.

2. The Complaint states a claim for relief pursuant to 21 U.S.C. § 881(a)(6).

3. Notice of this action has been given as required by law. All potential claimants other than Sadik are deemed to have admitted the allegations of the Complaint for Forfeiture to be true with respect to the Defendant Property.

4. The allegations set out in the Complaint are sufficient to establish a basis for forfeiture.

5.  The United States of America shall have judgment as to the interests of Claimant and all other potential claimants as to the Defendant Property, which property shall be condemned and forfeited to the United States of America.  With respect to the Defendant Property, the Riverside County Recorder shall index this judgment in the grantor index under the name of Heather Sadik and Hadeer Sadik, as joint tenants, and in the grantee index under the name of the United States of America.

6.  Title to the Defendant Property shall be vested in the United States of America, the United States of America shall proceed to dispose of the Defendant Property in accordance with law.  Upon disposition of the Defendant Property, the proceeds of the sale of the Defendant Property, to the extent available, shall be payable in the following priority:

  a.  First, to the United States of America (including its agency the United States Marshals Service) for all expenses incurred relative to the Defendant Property, including, but not limited to, expenses of custody, advertising and sale;

  b.  Second, payment to the County Assessor and Tax Collector of Riverside County, California for any unpaid real property taxes assessed against the Defendant Property up to the date of filing of this Consent Judgment of Forfeiture;

  c.  Third, 50% of the remaining proceeds to Claimant;

  d.  Fourth, payment to the United States Marshals Service, which shall deposit and dispose of the remaining proceeds from the sale of the Defendant Property in accordance with law.

7.  The Defendant Property is a residential single-family dwelling.  Claimant and all occupants shall vacate the Defendant

3

Property and remove all their personal property from the Defendant Property, on or before October 1, 2021.  If any such occupants of the residence fail to vacate the Defendant Property by the aforementioned deadline, the United States of America (via the United States Marshals Service) may enter the Defendant Property and remove their belongings from the Defendant Property without further order of Court.

8.   Defendant Property is presently occupied by third party tenants.  Claimant shall instruct all tenants of the Defendant Property to pay rent to the United States of America for all amounts due on or after August 1, 2021.  Claimant shall pay to the United States of America any amounts received as rent from the tenants of Defendant Property for the month of July 2021 and all succeeding months.

9.   The funds to be paid to Claimant pursuant to paragraph 6-c, above, shall be paid to Claimant through her counsel by electronic transfer.  Claimant and her attorney shall provide all information and complete all documents requested by the United States of America in order for the United States of America to complete the transfer including, without limitation, providing Claimant's social security and/or taxpayer identification number, the identity of the bank to receive the transfer, the bank's address, and the account name, account number, account type and routing number for the account to which the transfer of funds is to be made.

10.   The Court acknowledges that Sadik has waived, relinquished and abandoned any right to contest the forfeiture of the Defendant Property, and released the United States of America, its agencies, agents, officers, employees and representatives, including, without

4

limitation, all agents, officers, employees and representatives of the Drug Enforcement Administration, the Department of Justice, and their respective agencies, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims (including, without limitation, any petitions for remission, which Sadik has or shall withdraw), actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees, costs and interest, which may be asserted by or on behalf of Sadik with respect to the Defendant Property, whether pursuant to 28 U.S.C. § 2465 or otherwise.

11.  The Court finds that there was reasonable cause for the seizure of the Defendant Property and institution of these proceedings and construes the judgment as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

12.  The Court further finds that Claimant did not substantially prevail in this action, and the parties hereto shall bear their own attorney fees and costs.

13.  Claimant shall execute, as necessary and upon reasonable request by the United States of America, any documents necessary to effect the United States of America's forfeiture of the Defendant Property as provided under the terms of this Consent Judgment of Forfeiture.

///

///

14. The Court shall retain jurisdiction over this matter to enforce the provisions of this Consent Judgment of Forfeiture.

Dated: September 7, 2021

*[signature: George H. Wu]*

HON. GEORGE H. WU
UNITED STATES DISTRICT JUDGE

Presented by:

TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section

   /s/Brent A. Whittlesey
BRENT A. WHITTLESEY
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

6